**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 4:20-CR-98 HEA |
| | ) | |
| | ) | |
| ALEXIS DORJAY BUTLER, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Alexis Butler's *pro se* Motion "Recognizing Correlation of Pre-Sentence Home Confinement as Time Served." (ECF No. 1378). Defendant asks that the Court modify her sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reflect credit for the time she spent in presentence or pre-trial home confinement. Alternatively, she asks for credit for time served under 18 U.S.C. § 3585(b).

***Motion to Reduce Sentence***

Defendant asks for a reduction in her sentence under 18 U.S.C. § 3582(c)(1)(A). Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). The First Step Act ("FSA"), passed by Congress in 2018, is an exception to the finality of sentences. The FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file

motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). When determining whether a reduction in sentence is warranted, a court must consider the 18 U.S.C. § 3553(a) sentencing factors and any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

Prior to the passage of the FSA, only the director of the Federal Bureau of Prisons ("BOP") had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002). But the FSA now authorizes courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The Court finds that the record is devoid of any indication that Defendant sought a request for a reduction in sentence from the warden of her place of incarceration. Therefore, the Court will deny Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), because she has not exhausted all administrative remedies as required by the statute.

***Alternative Motion for Credit for Time Served***

Alternatively, Defendant asks that the Court allow her credit for the time she

spent in presentence or pre-trial home confinement. The Court lacks jurisdiction to address issues of credit for time served. Under 18 U.S.C. § 3585, questions concerning credit for time served are exclusively within the jurisdiction of the BOP. The Attorney General of the United States, acting through the BOP, must make initial sentence credit decisions under 18 U.S.C. § 3585(b). *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). An inmate's claim seeking credit for time served must be presented to the BOP. *Pardue*, 363 F.3d at 699. Administrative procedures exist within the BOP to review an alleged failure to credit the time an inmate has served. *See id.*

For these reasons, the Court lacks jurisdiction over Defendant's motion seeking credit for time served, and the motion will be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alexis Dorjay Butler's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED without prejudice** for failure to exhaust administrative remedies. Alternatively, Defendant's Motion for Credit for Time Served under 18 U.S.C. § 3585(b) is **DENIED without prejudice** for lack of jurisdiction. [ECF No. 1378]

Dated this 28th day of September 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE